**Case No. 25-1257**

In the United States Court of Appeals
for the Tenth Circuit

**United States of America**,
Plaintiff-Appellee,

v.

**Jon M. Hallford,**
Defendant-Appellant.

On Appeal from the United States District Court
for the District of Colorado
The Honorable Nina Y. Wang, District Judge
D.C. Case No. 24-cr-00113-NYW

**Appellant's Opening Brief**

Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Tel: (303) 294-7002
Fax: (303) 294-1192
Email: Jacob_Rasch-Chabot@fd.org

Virginia L. Grady
Federal Public Defender

Jacob Rasch-Chabot
Assistant Federal Public Defender

Attorneys for Appellant
Jon M. Hallford

Oral argument is requested.

January 26, 2026

# Table of Contents

Table of Authorities ..................................................................................... iii

Prior or Related Appeals .............................................................................. iii

Jurisdiction.................................................................................................... 1

Issue Presented ............................................................................................. 1

Statement of the Case .................................................................................. 1

    I.    The parties enter into a Rule 11(c)(1)(C) plea agreement. ................. 3

    II.   The district court summarily rejects Mr. Hallford's plea agreement and refuses to set forth the government's reasons for the deal on the record. ...................................................................... 3

Summary of Argument .................................................................................. 7

Argument...................................................................................................... 9

    I.    The district court abused its discretion in rejecting the parties' plea agreement without considering the government's reasons for the plea agreement........................................................................... 9

        A.   The district court refused to follow this Court's mandated procedure and failed to consider the district court's reasons for the plea agreement. .............................................................. 10

        B.   The district court's error was not harmless. .............................. 12

Conclusion ................................................................................................... 14

Statement Concerning Oral Argument ........................................................ 14

Certificate of Compliance ........................................................................... 15

## Attachments

    A. Judgment in a Criminal Case

    B. Transcript of district court's rejection of plea agreement

## Table of Authorities

### Cases

*United States v. Carrigan*, 778 F.2d 1454 (10th Cir. 1985)............................. 6

*United States v. Hurst*, 94 F.4th 993 (10th Cir. 2024 ........................................ 9

*United States v. Lovasco*, 431 U.S. 783 (1977) ................................................. 5

*United States v. Papke*, 149 F.4th 1169, 1181 (10th Cir. 2025) ................. 10, 11

*United States v. Robertson*, 45 F.3d 1423 (10th Cir. 1995) ............ 4, 5, 8-11, 13

*United States v. Vanderwerff*, 788 F.3d 1266 (10th Cir. 2015) ............. 9, 10, 12

### Statutes

18 U.S.C. § 1343...................................................................................... 1

18 U.S.C. § 1349...................................................................................... 1

18 U.S.C. § 3231...................................................................................... 1

18 U.S.C. § 3553(a) ............................................................................... 5, 6

28 U.S.C. § 1291...................................................................................... 1

### Rules

Fed. R. Crim. P. 11................................................................................... 6

Fed. R. Crim. P. 11(c)(1)(C) ................................................................ 2, 3, 7

## Prior or Related Appeals

None.

## Jurisdiction

The district court had jurisdiction over this federal criminal case under 18 U.S.C. § 3231. The district court entered judgment on July 3, 2025. R. vol. 1 at 234.[1] Mr. Hallford timely filed a notice of appeal the same day. *Id.* at 247.  This Court has appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## Issue Presented

I.    This Court's precedent imposes a procedural requirement on district court's when rejecting a plea agreement—they must set forth, on the record, the prosecution's reasons for framing the bargain and the court's justification for rejecting it. Did the district court err in refusing to follow this procedure and failing to consider the government's reasons for the agreement.

## Statement of the Case

Jon Hallford and his wife Carie Hallford were the owners and operators of Return to Nature Funeral Home, which had locations in Colorado Springs and Penrose, Colorado. R. vol. 1 at 45. In June 2024, a grand jury indicted them on ten counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit wire fraud in violation of § 1349. *Id.* at 14-21. These counts alleged a scheme to defraud customers by misrepresenting their commitment to providing cremations or burials and collecting payment

---

[1] Record citations are to the volume filed in this Court and the page number in the bottom, right-hand corner of each page.

1

without providing these services. *Id.* at 18. The indictment alleged that the Hallfords failed to perform 190 cremations or burials and instead allowed the bodies to decompose at the Penrose location. *Id.* The indictment also charged three more counts of wire fraud and one count of conspiracy to commit wire fraud based on a separate alleged scheme to defraud the Small Business Association (SBA) in connection with loans obtained from the Economic Injury Disaster Loan (EIDL) program. *Id.* at 21-26.

Mr. Hallford and the government entered into a plea agreement under Rule 11(c)(1)(C), which if accepted by the district court, would have bound the court to imposing a sentence in the range of 78 to 180 months. *See id.* at 37. Between the guilty plea and sentencing, the district court informed the parties it would reject Rule 11(c)(1)(C) agreement's sentencing range. *See id.* at 106. At the following status conference, the district court refused Mr. Hallford's request that the district court set forth on the record the government's reasons supporting the plea bargain, and it summarily rejected the agreement as not in the "public interest." R. vol. 6 at 39-40.

Mr. Hallford proceeded to sentencing, and the district court imposed a sentence of 240 months of imprisonment. *See id.* at 234. Mr. Hallford appealed. *Id.* at 247.

2

## I.    The parties enter into a Rule 11(c)(1)(C) plea agreement.

Mr. Hallford and the government entered into a plea agreement under which Mr. Hallford agreed to plead guilty to one count of conspiracy to commit wire fraud (relating to the scheme to defraud customers of Return to Nature), and the government agreed to dismiss the remaining counts. R. vol. 1 at 37, 39. With respect to sentencing, Mr. Hallford agreed not to seek a sentence less than the low end of the applicable guideline range, which was 78 months of imprisonment, and the government agreed to seek a sentence of not more than 15 years of imprisonment, or 240 months. *Id.* at 38-39. Importantly, the parties agreed to this sentencing range under Rule 11(c)(1)(C), which meant that if the district court accepted the plea agreement, it would be bound to impose a sentence within that range. *Id.* at 38. But if the district court rejected the agreement, then either party had the right to withdraw. *Id.* at 38.

At the change of plea hearing, the district court accepted Mr. Hallford's guilty plea, but it deferred approval of the plea agreement pending review of the presentence report (PSR). R. vol. 6 at 33.

## II.    The district court summarily rejects Mr. Hallford's plea agreement and refuses to set forth the government's reasons for the deal on the record.

After the PSR was prepared, but before sentencing, the district court issued a minute order setting a status conference and effectively notifying the

parties that it intended to reject the (c)(1)(C) agreement. R. vol. 1 at 97. Specifically, the district court "conclude[d] that the Plea Agreement, which would bind [it] to the recommendation of the United States and Defendant, is not in the public interest." *Id.* Recognizing that Rule 11 requires that a rejection of the plea agreement take place on the record and in open court, the district court set a status conference for that purpose. *Id.* at 97-98.

Before the status conference, Mr. Hallford filed a written objection to the district court's finding that the plea agreement was not in the public interest. Mr. Hallford's pleading specifically informed the district court of the Tenth Circuit's requirement that, "in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence,' courts must set forth, on the record, 'the prosecution's reasons for framing the bargain and the court's justification for rejecting it." R. vol. 1 at 100-101 (quoting *United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995)). Mr. Hallford further asserted that the district court's minute order, "without additional justification, or proffer by the government, is insufficient justification for the Court's rejection of the plea agreement." *Id.* at 101. And "[w]ithout inquiring about the government's reasoning for framing the plea agreement, [the district court] cannot properly determine whether the agreement should be rejected." *Id.*

4

Mr. Hallford also objected on the ground that the district court's finding was effectively a ruling that a sentence above 180 months was warranted. Such a finding, Mr. Hallford maintained, was inappropriate and premature because it would represent a massive upward variance from the guidelines range of 78 to 97 months, the parties had not yet submitted sentencing statements, and the district court could not yet conduct a proper analysis of the § 3553(a) factors. *Id.* at 101-03.

At the status conference, Mr. Hallford repeated his objections. "First," he requested, "the Government needs to – the Court should inquire of the Government on the record the basis for the plea in the plea bargain." R. vol. 6 at 39. Asked by the district court what authority Mr. Hallford had to support that proposition, counsel inadvertently said the wrong case name, but correctly stated this Court's holding in *Robertson* (cited in her written objection), that the "prosecution's reasons for framing the plea bargain and the Court's justification for rejecting it are relevant when considering whether or not that rejection is within" the court's "sound discretion." *Id.* at 40.[2] The district court denied that Mr. Hallford had any authority supporting

---

[2] The written objection quoted the holding from *Robertson* and used an "*id.*" citation. That was followed by a "*see also*" citation to *United States v. Lovasco*, 431 U.S. 783, 793-94 (1977), with an explanatory parenthetical. R. vol. 1 at 100-01. In providing the case name to the district court at the status conference, counsel presumably looked at the citation and inadvertently said the case name *Lovasco*.

its proposition and instead relied on *United States v. Carrigan*, 778 F.2d 1454 (10th Cir. 1985), for the proposition that Rule 11 "contemplates the rejection of a negotiated plea where the district court believes that the bargain is too lenient or otherwise not in the public interest." *Id.* The district court asserted that "that is what the Court found upon review of the docket." *Id.* After some back and forth, and before moving on to his next argument, Mr. Hallford reiterated his assertion that the district court was required to set forth the government's reasons for the plea agreement on the record. *Id.* at 43 ("[I]t is still my position that Your Honor should set for the – ask from the Government their basis for offering a plea.").

Mr. Hallford also maintained that the district court was effectively making a finding that an upward variance was appropriate without the benefit of the parties' sentencing memos and on an incomplete analysis of the § 3553(a) factors. *Id.* at 43-44. However, the district court made clear that it had "not made a finding with respect to the 3553 factors. . . . There has been no analysis or prejudgment with respect to 3553(a)." *Id.* Instead, the district court maintained it was rejecting the plea agreement pursuant to its "absolute discretion" to decide "whether to accept a plea agreement." *Id.* at 44 (quoting Fed. R. Crim. P. 11, advisory committee's note to 1999 amendments).

At no point in the hearing did the district court set forth on the record the government's reasons for framing the plea agreement. Nor did it provide an explanation for its rejection of the plea agreement beyond its conclusory statement that a Rule 11(c)(1)(C) agreement "is not appropriate for the public interest." *Id.* at 42; *accord id.* at 41, 42, 43, 47.

Having rejected the plea agreement, the district court advised Mr. Hallford of his option to withdraw his guilty plea or to proceed with sentencing without the district court being bound by the parties' sentencing range. *Id.* at 48. Mr. Hallford opted to move forward with sentencing. *Id.* at 51.

At sentencing, the district court determined the guidelines range was 78 to 97 months, based on an offense level of 28 and criminal history category of I. *Id.* at 67. The district court imposed an upward variance to the statutory maximum sentence of 20 years of imprisonment. *Id.* at 160.

Mr. Hallford appealed. R. vol. 1 at 247.

## Summary of Argument

District courts may reject plea agreements so long as it is an exercise of their sound discretion. In exercising that discretion, district courts must give proper deference to prosecutorial discretion. Accordingly, this Court has held that, "in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence, courts must

set forth, on the record, the prosecution's reasons for framing the bargain and the court's justification for rejecting it." *United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995). Over Mr. Hallford's objection, the district court refused to comply with this procedural requirement, resulting in three related errors.

*First*, the district court erred as a matter of law in refusing to set forth on the record the government's reasons for framing the bargain. *Second*, the district court's refusal to address the government's reasoning meant that the district court failed to "set forth on the record" the district "court's justification for rejecting" the plea agreement. *Third*, the district court abused its discretion in refusing to even consider the government's reasons for the plea bargain. Accordingly, the district court abused its discretion in rejecting the plea agreement.

This Court cannot find that the district court's abuse of discretion was harmless for two reasons. *First*, the district court's refusal to set forth the government's reasons on the record precludes meaningful appellate review. And *second*, the district court ultimately sentenced Mr. Hallford to 240 months of imprisonment, well above 180 month ceiling that would have applied had the district court not rejected the plea agreement.

This Court should therefore vacate the judgment and remand for reconsideration of the plea agreement and de novo resentencing.

<u>Argument</u>

I.    **The district court abused its discretion in rejecting the parties' plea agreement without considering the government's reasons for the plea agreement.**

This Court has expressly held "that in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence, courts must set forth, on the record, the prosecution's reasons for framing the bargain and the court's justification for rejecting it." *United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995)).

Mr. Hallford urged the district court to fulfill this obligation. *See* R. vol. 1 at 100-01; vol. 6 at 39-40, 43. As he explained, this was not a hollow formality. Without hearing and addressing the government's reasons, the district court's purported "justification" for rejecting the plea agreement was "insufficient," and the district court "cannot properly determine whether the agreement should be rejected." *Id.* at 101. Nevertheless, the district court refused to follow this Court's procedural requirements and refused to consider the government's reasons for the bargain. This was error.

This Court "review[s] a district court's decision not to accept a plea agreement for abuse of discretion." *Id.* at 1180 (quoting *United States v. Vanderwerff*, 788 F.3d 1266 (10th Cir. 2015)). "A district court abuses its discretion if its adjudication of a claim is based upon an error of law." *Id.* (quoting *United States v. Hurst*, 94 F.4th 993, 1001 (10th Cir. 2024)

9

(quotation marks omitted). If "a district court predicates its ruling on an improper and irrelevant factor, this error provides a strong indication that the district court abused its discretion." *Id.* (quoting *Vanderwerff*, 788 F.3d at 1271).

### A. The district court refused to follow this Court's mandated procedure and failed to consider the district court's reasons for the plea agreement.

"Rule 11 vests district courts with the discretion to accept or reject plea agreements." *Robertson*, 45 F.3d at 1437. And "so long as district courts exercise sound judicial discretion in rejecting a tendered plea, Rule 11 is not violated." *Id.* "District courts enjoy considerable discretion in their consideration of sentence bargains because the imposition of sentence is a matter of discretion for the district court and the prosecution's role in sentencing bargains is strictly advisory." *United States v. Papke*, 149 F.4th 1169, 1181 (10th Cir. 2025) (cleaned up). However, that discretion "is not without limit." *Robertson*, 45 F.3d at 1438. And regardless of whether the plea agreement is a sentence bargain or charge bargain, the district court must be "aware of and give[] adequate deference to prosecutorial discretion." *Id.* Accordingly, this Court holds that "in order to insure district courts exercise sound judicial discretion and adequately respect the principle of prosecutorial independence, courts must set forth, on the record, the prosecutions reasons for framing the bargain and the court's justification for

10

rejecting it." *Id.* This procedural requirement applies "[w]henever a district court rejects any plea bargain—whether a charge bargain, sentence bargain, or hybrid bargain." *Papke*, 149 F.4th at 1181.

Here, the district court refused to comply with this procedural requirement, resulting in three related errors.

First, and most simply, the district court erred as a matter of law in refusing to set forth on the record the government's reasons for framing the bargain. This is a procedural requirement that must be followed in every case according to this Court's clearly established binding precedent. The district court's erroneous refusal to abide by it was an abuse of discretion. *See id.* at 1180 ("A district court abuses its discretion if its adjudication of a claim is based upon an error of law.").

Second, the district court's refusal to address the government's reasoning meant that the district court failed to "set forth on the record" the district "court's justification for rejecting" the plea agreement. *Robertson*, 45 F.3d at 1423. Indeed, all the district court said was that the Rule 11(c)(1)(C) plea agreement was inappropriate and not in the public interest. This is hardly an explanation at all. Such a conclusory statement does not serve the purposes of requiring an on-the-record explanation in the first place. That is, it does not demonstrate that the district court "exercise[d] sound judicial discretion." *Id.* And it certainly cannot show "the court is aware of and gives

11

adequate deference to prosecutorial discretion." *Id.* Indeed, we know for a fact the district court was *not* aware of nor did it give *any* deference to prosecutorial discretion. Accordingly, the district court's "justification for rejecting" the plea agreement was wholly inadequate.

Finally, and perhaps most egregiously, the district court abused its discretion in refusing to even consider the government's reasons for the plea bargain. As this Court has made clear, the district court owes deference to prosecutorial discretion in every plea bargain. And that deference is fundamental to a district court's exercise of sound discretion. As Mr. Hallford explained below, the district court cannot properly determine whether the agreement should be rejected if it refuses to consider the government's reasons, as this Court mandates. Accordingly, the district court abused its discretion in categorically refusing to consider the government's reason for framing the bargain.

For any and all of these reasons, the district court abused its discretion in rejecting the plea agreement.

**B.      The district court's error was not harmless.**

To the extent that harmless-error review applies to this claim, the court cannot find harmlessness here. *See United States v. Vanderwerff*, 788 F.3d 1266, 1279 (10th Cir. 2015) (declining to conduct a harmlessness inquiry). This is for two main reasons.

First, the district court's refusal to set forth the government's reasons for the plea agreement on the record precludes meaningful appellate review. This Court has recognized that this requirement "is the surest, *indeed the only way* to facilitate appellate review of rejected plea bargains." *Robertson*, 45 F.3d at 1438. Without any record of the government's proffered reasons for the plea bargain, this Court cannot determine that they would not have influenced the district court's decision. That the district court's justification for rejecting the plea was independently inadequate further precludes meaningful review and undermines any basis to find the error harmless.

Second, the district court ultimately sentenced Mr. Hallford to 240 months of imprisonment. Had the district court accepted the plea agreement, it would have been bound to sentence Mr. Hallford to no more than 180 months of imprisonment. Thus, the district court's rejection of the plea agreement resulted in the imposition of a significantly longer sentence of imprisonment.

To be clear, that the district court ultimately sentenced Mr. Hallford above the agreed upon range does *not* suggest the district court would have rejected the plea agreement anyway. That's because the district court made clear that it had not conducted any § 3553(a) analysis, and it expressly denied that its rejection of the plea agreement could be read as implicitly finding that it was going to impose an upward variance.

13

Accordingly, this Court cannot find that the district court's erroneous rejection of the plea agreement was harmless.

## Conclusion

This Court should vacate the judgment and remand for reconsideration of the plea agreement and de novo resentencing.

## Statement Concerning Oral Argument

Oral argument is requested because counsel believes it will aid the court's resolution of the issues raised in this appeal.

Respectfully submitted,

Virginia L. Grady
Federal Public Defender


By: */s/ Jacob Rasch-Chabot*
Jacob Rasch-Chabot
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
(303) 294-7002
Email: Jacob_Rasch-Chabot@fd.org

14

## Certificate of Compliance

As required by Fed. R. App. P. 32(g)(1), I certify that this brief is proportionally spaced and contains 3,056 words.  I relied on my word processor to obtain the count, and the information is true and correct to the best of my knowledge.

*/s/Jacob Rasch-Chabot*
Jacob Rasch-Chabot
Assistant Federal Public Defender